**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA**

Fill in this information to identify your case:

Debtor 1: Tim Andrekis Brown
First Name / Middle Name / Last Name

Debtor 2 (Spouse, if filing):
First Name / Middle Name / Last Name

Case Number (If known): 22-50098-MJK

☐ Check if this is an amended plan.

## CHAPTER 13 PLAN AND MOTION

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

   (a) This plan: ☒ contains nonstandard provisions. See paragraph 15 below.
   ☐ does not contain nonstandard provisions.

   (b) This plan: ☒ values the claim(s) that secures collateral. See paragraph 4(f) below.
   ☐ does not value claim(s) that secures collateral.

   (c) This plan: ☒ seeks to avoid a lien or security interest. See paragraph 8 below.
   ☐ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

   (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $**43.00** for the applicable commitment period of:

   ☐ 60 months; or

   ☒ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

   (If applicable include the following: These plan payments will change to $**147.00** monthly on **7/20, 2022**.)

   (b) The payments under paragraph 2(a) shall be paid:

   ☒ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

   ☒ Debtor 1 _%    ☐ Debtor 2 _%

   ☐ Direct to the Trustee for the following reason(s):
   ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
   ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):

   (c) Additional Payments of $**0** (estimated amount) will be made on _____ (anticipated date) from _____

(source, including income tax refunds).

3. **Long-Term Debt Payments.**

   (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

   | CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO BE MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
   |---|---|---|---|---|---|
   | Title Max of Georgia Inc. | 2004 Ford Ranger | N | Debtor | 4/2022 | $355.00 |

   (b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

   | CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
   |---|---|---|---|---|
   | | | | | |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

   (a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

   (b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of **$3,750.00**.

   (c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

   | CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
   |---|---|---|---|---|
   | | | | | |

   (e) **Secured Claims Excluded from 11 U.S.C. § 506** (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)). The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a

purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|

(f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| First Choice Title | Junked 1989 Chevrolet | 0 | 0 | 0 |
| First Franklin Financial | FiFa | 0 | 0 | 0 |
| First Franklin Financial | Boat, motor, trailer, ATV, collateral | $1,000.00 | 4.25% | $15.00 |
| Internal Revenue Service | Tax lien | 0 | 0 | 0 |
| Social Security Administration | Lien | 0 | 0 | 0 |

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100% ☐ with interest at _____ % per annum **or** ☐ without interest:

(h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a <u>0</u> % dividend or a pro rata share of <u>$0</u>, whichever is greater.

5. **Executory Contracts.**

    (a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/ REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTOR(S) |
|---|---|---|---|---|

    (b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☑ To the Trustee.

    | CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
    |---|---|
    | First Franklin Financial | $10.00 |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

    | CLAIMANT | ADDRESS |
    |---|---|
    |  |  |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

    | CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
    |---|---|---|
    | First Franklin Financial | Judgment | All collateral |
    | Lendmark Financial | Household goods | All collateral |
    | Morris Financial | Household goods | All collateral |
    | Social Security Administration | Judgment, garnishment | All collateral |
    | Sunbelt Credit | Household goods | All collateral |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

    | CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
    |---|---|---|

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

    **Set default interest rate at 4.25% on secured claims paid in the Chapter 13. Pay Title Max of Georgia, Inc. direct for 2004 Ford Ranger.**

By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.

Dated: 3/10/2022

_____
Debtor 1

_____
Debtor 2

/s/ Edward F. Smith
_____
Attorney for the Debtor(s)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| IN RE: | | |
| TIM ANDREKIS BROWN, | * | CASE NO. 22-50098-MJK |
| Debtor, | * | |
| | * | CHAPTER 13 |
| M. ELAINA MASSEY, | * | |
| Trustee. | * | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the Chapter 13 Plan by First Class Mail placing the same in the United States mail with proper postage affixed to the following addresses:

See attached Matrix

I hereby certify that I have served a copy of the Chapter 13 Plan on the following corporations addressed to an Agent or Officer by First Class Mail with proper postage affixed thereon to the following addresses:

I hereby certify that the following insured depository institutions were served by Certified Mail addressed to the officer of the institution:

I hereby certify that the following parties and counsel were served electronically through the Notice of Electronic Filing (NEF) at the following address:

Elaina Massey,
Chapter 13 Trustee
courtdailysummary@ch13bwk.com,
courtdailybackup@ch13bwk.com

Office of the U. S. Trustee
Ustpregion21.sv.ecf@usdoj.gov

This the 14th day of March, 2022.

/s/ Edward F. Smith
Edward F. Smith
Georgia Bar No. 656823
912-287-0055

Post Office Box 792
Waycross, Georgia 31502

```
Label Matrix for local noticing        Tim Andrekis Brown                     Commonwealth Financial Systems
113J-5                                  801 Naomi St, Apt 613                  Attn: Officer, Managing or General Agent
Case 22-50098-MJK                       Waycross, GA 31501-1909                245 Main St
Southern District of Georgia                                                   Scranton PA 18519-1641
Waycross
Mon Mar 14 14:24:05 EDT 2022

Credit Control Service                  Darling Emergency Physicians           Edward F. Smith
Attn: Officer, Managing or General Agent Attn: Officer, Managing or General Agent Law Office of Edward F. Smith
725 Canton St                           P.O. Box 37614                         P.O. Box 792
Norwood MA 02062-2679                   Philadelphia PA 19101-0614             Waycross, GA 31502-0792


First Choice Title                      (p)1ST FRANKLIN FINANCIAL CORPORATION  First Franklin Financial
Attn: Officer, Managing or General Agent PO BOX 880                            Attn: Officer, Managing or General Agent
100 Knight Ave                          TOCCOA GA 30577-0880                   325 Hatcher Point Rd, Ste G
Waycross GA 31501-3368                                                         Waycross GA 31503-7961


First Franklin Financial Corporation    First Premier Bank                     (p)GEORGIA DEPARTMENT OF REVENUE
Attn: Officer, Managing or General Agent Attn: Officer, Managing or General Agent COMPLIANCE DIVISION
P.O. Box 3637                           P.O. Box 5529                          ARCS BANKRUPTCY
Douglas GA 31534-3637                   Sioux Falls SD 57117-5529              1800 CENTURY BLVD NE SUITE 9100
                                                                               ATLANTA GA 30345-3202


Harvard Collection                      Internal Revenue Service               Internal Revenue Service
Attn: Officer, Managing or General Agent Attn: Officer, Managing or General Agent P.O. Box 7346
4839 N Elston Ave                       P.O. Box 7346                          Philadelphia PA 19101-7346
Chicago IL 60630-2589                   Philadelphia PA 19101-7346


(p)JEFFERSON CAPITAL SYSTEMS LLC        Lendmark Financial                     M. Elaina Massey
PO BOX 7999                             Attn: Officer, Managing or General Agent Post Office Box 1717
SAINT CLOUD MN 56302-7999               2462 Memorial Dr                       Brunswick, GA 31521-1717
                                        Waycross GA 31503-6336


Memorial Satilla Health                 Morris Financial                       Office of the U. S. Trustee
Attn: Officer, Managing or General Agent Attn: Officer, Managing or General Agent Johnson Square Business Center
1900 Tebeau St                          3349 Highway 84 W, Ste 101             2 East Bryan Street, Ste 725
Waycross GA 31501-6357                  Blackshear GA 31516-2162               Savannah, GA 31401-2638


Progressive Corporation                 Scolopax LLC                           Social Security Administration
Attn: Officer, Managing or General Agent Attn: Officer, Managing or General Agent 1100 West High Rd
6400 Wilson Mills Rd                    2003 Western Ave, Ste 340              6401 Security Blvd
Cleveland OH 44143                      Seattle WA 98121-2162                  Baltimore MD 21235-0001


Social Security Administration          Social Security Administration         Sunbelt Credit
Attn: Officer, Managing or General Agent Attn: Officer, Managing or General Agent Attn: Officer, Managing or General Agent
1200 Rev. Abraham Woods, Jr. Blvd       303 Isabella St                        960 City Blvd, Ste E
Birmingham AL 35285-0001                Waycross GA 31501-3600                 Waycross GA 31501-4287


(p)TEA OLIVE  LLC                       (p)TMX FINANCE LLC FORMERLY TITLEMAX   Ware Co. Magistrate Court
9121 JACOBIA AVE SE                     15 BULL STREET                         Attn: Officer, Managing or General Agent
SNOQUALMIE WA 98065-5060                SUITE 200                              P.O. Box 17
                                        SAVANNAH GA 31401-2686                 Waycross GA 31502-0017
```